UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.

CAROLINA AMESTY

Case No. 6:25-mj-1031-RMN

ORDER

This matter is before the Court without oral argument on a Time-Sensitive Joint Motion for Extension of Time by which Indictment/Information Must be Filed (Dkt. 21), filed April 15, 2025. The indictment deadline in this matter is Monday, April 21, 2025. Dkt. 12 at 2. The parties request a 60-day extension of the deadline, from April 21 to and including June 20, because they are "engaged in active discussions regarding the appropriate disposition of this matter and believe that a continuance would serve the ends of justice by providing the parties with reasonable time for such discussions, for adequate preparation for pretrial proceedings, and for effective preparation, taking into account the exercise of diligence." Dkt. 21 at 2. Defendant has filed a written waiver of her right to the return of a speedy indictment or information for the period ending on June 20. Dkt. 21-1.

The Speedy Trial Act provides, in part, that "[a]ny information or indictment charging an individual with the

commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If the indictment is filed after this time limit, the charges are to be dismissed or dropped with or without prejudice, depending on the circumstances. *Id.* § 3162(a)(1).

When calculating the thirty-day period provided by 18 U.S.C. § 3161(b), "certain events, as specified in 18 U.S.C. § 3161(h), 'toll' the speedy-indictment clock." *United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002). Such events include ends-of-justice continuances—that is, "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* (quoting then section 3161(h)(8)(A)). The factors a court must consider in determining whether to grant an ends-of-justice continuance are found in 18 U.S.C. § 3161(h)(7)(B); *see also United States v. Godoy*, 821 F.2d 1498, 1500 (11th Cir. 1987). The court need not explicitly enunciate its findings when it grants a continuance "so long as there is sufficient evidence in the record indicating that it considered the factors identified in the statute when it granted the continuance." *United States v. Vasser*, 916 F.2d 624, 627 (11th Cir. 1990).

Based on the representations of the parties in the motion, as well as Defendant's written waiver of the speedy indictment deadline (which was given voluntarily and with full knowledge of the consequences of providing a waiver after consultation with counsel), the Court finds that the ends of justice served by extending the deadline outweigh the best interest of the public and the defendant in a speedy indictment or trial.

Accordingly, it is **ORDERED**:

1. The Time-Sensitive Joint Motion for Extension of Time by which Indictment/Information Must be Filed (Dkt. 21) is **GRANTED**;

2. The 60-day period from April 21, 2025, to and including June 20, 2025, is excludable under 18 U.S.C. § 3161(h)(7); and

3. The United States shall obtain an Indictment or file an Information in this matter on or before June 20, 2025.

**DONE** and **ORDERED** in Orlando, Florida, on April 17, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record