UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 6:25-mj-1031-RMN

CAROLINA AMESTY

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME BY WHICH INDICTMENT/INFORMATION MUST BE FILED

Carolina Amesty, through her undersigned counsel, files this response to the government's Motion for an Order extending the time for the return of an indictment or information pursuant to 18 U.S.C. § 3161(b) through and including August 22, 2025. Doc. 25. Ms. Amesty joins in the government's request to this Court for an extension of the deadline to indict and believes that a continuance would serve the ends of justice for the reasons set forth below.

## INTRODUCTION

On July 11, 2025, the government filed a motion to extend time for the return of an indictment. Doc. 25. In an example of the government's overzealousness in this case, the government filed its July 11 motion *during* the parties' meet and confer process, despite defense counsel advising the government that they had edits to the proposed motion.

The following describes the circumstances of this case and Ms. Amesty's position concerning the basis for extension of the speedy indictment deadline.

## PROCEDURAL BACKGROUND

On January 16, 2025, a mere four days before the change in administration, the government bypassed standard process of indictment by grand jury and charged Ms. Amesty by criminal Complaint for alleged violations of 18 U.S.C. § 641 (theft of government property). Doc. 1. On January 30, 2025, Ms. Amesty executed a waiver of the speedy indictment or information period. Doc. 11-1. On February 3, 2025, the parties filed a joint motion to extend time to file an indictment or information, which the Court granted on February 5, 2025. Doc. 11; Doc. 12. The Court found that the time from January 21, 2025, through April 21, 2025, was tolled under 18 U.S.C. § 3161(b) and (h)(7). Doc. 12.

Ms. Amesty's initial appearance was held on February 18, 2025. Doc. 13. At that hearing, the Court acknowledged the peculiar sequencing of the government's election to proceed by criminal Complaint without an indictment. Ms. Amesty's counsel reserved the right to receive a probable cause hearing. On April 15, 2025, the parties executed a second waiver of the speedy indictment or information period, through June 20, 2025. Doc. 21-1. In connection with that waiver, the parties filed a second joint motion for an extension of time by which an indictment or information must be filed, which the Court granted on April 17, 2025. Doc. 21; Doc. 22. The Court found that the time from April 21, 2025, through June 20, 2025, was excludable under 18 U.S.C. § 3161(h)(7). As set forth further below, during this time, counsel for Ms. Amesty presented information to the government regarding

material inaccuracies and defects in the government's hastily-filed and politically motivated Complaint.

On June 3, 2025, Ms. Amesty executed a third waiver of the speedy indictment or information period through August 22, 2025. Doc. 23-1. In connection with that waiver, the parties filed a third joint motion for an extension of time by which an indictment or information must be filed. Doc. 23. The Court partially granted that motion, granting an extension through July 23, 2025, and finding that the additional time was excludable under 18 U.S.C. § 3161(h)(7). Doc. 24. The Court ruled that any further extension was not warranted based on the information before it and informed the parties that a detailed factual proffer would be necessary if they sought any further continuances. *Id.*

## DISCUSSION

Counsel for the government and Ms. Amesty currently are engaged in discussions about the disposition of this case, and it is defense counsel's position that the charges are baseless and the case should be dismissed. On January 13, 2025, counsel for Ms. Amesty sent the government a letter advising that there were numerous factual and legal errors in its investigation. Further, counsel requested the opportunity to make a presentation of exculpatory evidence to the government before the government brought any charges.

On January 16, 2025, without providing defense counsel an opportunity to present exculpatory evidence, then United States Attorney Roger Handberg (who strangely filed a personal appearance in this case) authorized the filing of the

operative criminal Complaint. Despite U.S. Attorney Handberg's hasty charges made just days before the inauguration, the government continues to investigate whether a crime has even occurred, and the parties have continued to engage in the discussions that began—and should have been allowed to reach completion—before the Complaint was filed.

Ms. Amesty is innocent. The Economic Injury Disaster Loans in question—primarily to Christian organizations—were obtained appropriately in good faith and with no misrepresentations. Indeed, underscoring the utter lack of any criminal intent, Ms. Amesty spent over two hours on the phone with the Small Business Administration to ensure complete compliance with the law. These are not the actions of a criminal but a person who tried to—and did—get it right. Five of the loans already have been repaid in full, and there has not been a single missed payment on any of the remaining loans. Fatal to the government's flawed prosecution is the undeniable fact that the government has not lost a cent, and the collateral on each loan exceeds the amount of the loan. Thus, there has been no loss to the government. While scores of other cases with far worse allegations have been handled with declined prosecutions or civil resolutions, this prosecution, which was initiated days before the inauguration, is the quintessential example of the last Department of Justice's weaponization to settle political scores.

Over the course of the past few months, Ms. Amesty's counsel has provided extensive exculpatory information to the government including dozens of pages of detailed summaries and letters. Most recently, on June 13, 2025, defense counsel

provided a 22-page letter and 141 pages of exculpatory documents setting forth in detail additional reasons why no crime has occurred. The government is undertaking a review of this exculpatory information but represented that it requires additional time to carry out its obligations to fully review and consider these materials in its decision on how to proceed. Justice Manual § 9-27.300.

It is incumbent upon the government to review these materials fully prior to it making a final decision as to the disposition of this matter. Undersigned counsel firmly believes—as set forth in the Justice Manual—"that, as a result of a change in the evidence or for another reason, a charge is no longer readily provable or appropriate." *Id.*

## CONCLUSION

For these reasons, Ms. Amesty joins in the government's request to this Court for an extension of the deadline to indict and believes that a continuance would serve the ends of justice by providing the government with additional time for full consideration of the exculpatory materials provided by Ms. Amesty and for additional discussions. If the Court denies the requested extension, Ms. Amesty anticipates moving to dismiss the criminal complaint, or, in the alternative, for a probable cause hearing.

    Respectfully submitted,

    By: */s/ Bradley J. Bondi*
Bradley Bondi, Esq.
Florida Bar No. 162396
Paul Hastings LLP
2050 M St NW
Washington, DC 20036
Telephone: (202) 551-1701
Facsimile: (212) 318-6601
Email: Bradbondi@paulhastings.com

U.S. v. CAROLINA AMESTY                    Case No. 6:25-mj-1031-RMN

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Diane Hu
    Megan Testerman
    Attorneys for government

    By: */s/ Bradley J. Bondi*
    Bradley Bondi, Esq.
    Florida Bar No. 162396
    Paul Hastings LLP
    2050 M St NW
    Washington, DC 20036
    Telephone: (202) 551-1701
    Facsimile: (212) 318-6601
    Email: Bradbondi@paulhastings.com