UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:25-mj-1031-RMN

CAROLINA AMESTY

### DEFENDANT'S MOTION FOR RECONSIDERATION

Carolina Amesty, through her undersigned counsel, files this motion for reconsideration of the Court's July 22, 2025 order. ECF No. 40 (the "Order").

### INTRODUCTION

Based on new information, the Court should reconsider its Order extending the time period by which the government may seek an indictment against Ms. Amesty. ECF No. 40. On July 28, 2025, the government withdrew the grand jury subpoenas it referenced as a basis to support its motion seeking an extension of the time period to seek an indictment. Moreover, we understand that the government has determined there will be no indictment in this matter. Therefore, based on new information that was previously unavailable to the Court at the time of its Order, the Court should reconsider its Order granting an extension of time to seek an indictment.

### BACKGROUND

On July 21, 2025, the parties convened for a hearing on the government's motion for extension of time to file an indictment. ECF No. 25. Ms. Amesty, although previously joining the government's motion, withdrew her support for an

extension of the time period because defense counsel did not agree with the government's representations to the Court.[1] *See* ECF No. 41 at 11:22–12:6.

The government represented there were two bases for its requested extension: (1) the government's "investigation remains ongoing, due in part to a pending sealed motion related to grand jury proceedings[;]" and (2) to review the significant exculpatory material defense counsel provided over seven weeks ago on June 13, 2025. *See* ECF No. 25. On July 28, 2025, counsel for Ms. Amesty learned that the government had ceased its *criminal* investigation related to grand jury proceedings it referenced in its July 11 filing and withdrew its outstanding subpoenas. We understand that the government no longer plans to seek an indictment.

## ARGUMENT

The Court should reconsider its ruling on the government's motion to extend the time period to seek an indictment because the bases the government relied on to seek an extension do not exist. The Federal Rules of Criminal Procedure do not specifically provide for reconsideration of a ruling, but reconsideration is proper in criminal cases. *United States v. Wise*, No. 22-13204, 2023 WL 4446357, at *3 (11th Cir. July 11, 2023); *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Ms. Amesty does not seek to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *United States v. Martinez*, No. 20-12971, 2021 WL 2878823, at *1 (11th Cir. July 9, 2021) (internal quotation

---

[1] Ms. Amesty withdraws her written waiver of the speedy indictment deadline. ECF No. 23-1.

omitted).² Instead, identification of new evidence that was previously unavailable is a proper basis to grant a motion to reconsider. *Christy*, 739 F.3d at 539. Here, within one week of the hearing, the circumstances cited by the government for justification of the extension changed materially. Those changed circumstances—*i.e.* withdrawal of the pending grand jury subpoenas at issue and determination that it will not pursue an indictment—negate the basis for the extension.

The government's *criminal* investigation is *not* ongoing. The government has withdrawn the outstanding grand jury subpoenas and, upon information and belief, the government has ceased its *criminal* investigation into Ms. Amesty and related entities. This basis for the Court's extension of time no longer exists.

The other basis the government relied on to extend the time period to seek an indictment was that it is continuing its review of significant exculpatory material that defense counsel provided over seven weeks ago. The government has had ample time to evaluate whether an indictment is appropriate. Indeed, defense counsel understands that due to the significant exculpatory material that was provided to the government, it no longer intends to seek an indictment against Ms. Amesty. Therefore, there is no basis to extend the time period to seek an indictment.

Defense counsel contacted the government three days ago on Sunday, August 3, 2025, to seek its position on this Motion for Reconsideration, but the government has not responded to either our initial communication or our follow-up

---

² Non-final orders may be reviewed under the Court's "inherent authority" and under Fed. R. Civ. P. 54(b). *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-80 (11th Cir. 2024).

communication yesterday. To the extent that the government plans to seek a civil resolution of these matters, it would be entirely improper for the government to use a pending criminal complaint as leverage when it lacks both the intent and the authority to bring an indictment. Florida Bar Rule 4-3.4(g). The government's failure to act justly to dismiss its criminal complaint has now empowered this Court to take action. We respectfully request that the Court reconsider its Order granting the government's motion to extend the indictment period.

## CONCLUSION

Ms. Amesty respectfully requests the Court reconsider the Order and immediately end the tolling of the time period to seek an indictment.

Respectfully submitted,

By: /s/ Bradley J. Bondi
Bradley Bondi, Esq.
Florida Bar No. 162396
Paul Hastings LLP
2050 M St NW
Washington, DC 20036
Telephone: (202) 551-1701
Facsimile: (202) 318-6601
Email: Bradbondi@paulhastings.com

U.S. v. CAROLINA AMESTY                    Case No. 6:25-mj-1031-RMN

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Diane Hu
    Megan Testerman
    Attorneys for government

                                                  By: */s/ Bradley J. Bondi*
                                                  Bradley Bondi, Esq.
                                                   Florida Bar No. 162396
                                                   Paul Hastings LLP
                                                   2050 M St NW
                                                   Washington, DC 20036
                                                   Telephone: (202) 551-1701
                                                   Facsimile: (202) 318-6601
                                                   Email: Bradbondi@paulhastings.com