UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.

CAROLINA AMESTY

Case No.
6:25-mj-1031-RMN

## ORDER

This matter is before the Court without oral argument on a motion for leave to dismiss the complaint (Dkt. 43), filed by the United States on August 6, 2025. Without providing any explanation or argument in support of its request, the United States asks the Court to dismiss the criminal complaint pending against Defendant without prejudice. *See id.* at 1.

Under Federal Rule of Criminal Procedure 48(a), the "government may, with leave of court, dismiss an indictment, information, or complaint." The United States may not, however, move to dismiss a "prosecution during trial without the defendant's consent." *Id.*

Recently, the Eleventh Circuit has reiterated that "the executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. B.G.G.*, 53 F.4th 1353, 1361 (11th Cir. 2022) (quoting *In re Wild*, 994 F.3d

1244, 1260 (11th Cir. 2021) (en banc)) (cleaned up). Once the United States seeks to dismiss a prosecution, the Court's role is "limited." *Id.* (citing *United States v. Bernard*, 42 F.4th 905, 908 (8th Cir. 2022)). District courts "must presume that the government moved to dismiss the information in good faith." *Id.* at 1357. And even if a defendant overcomes this presumption, a district court "must still dismiss the information . . . where the government's reasons for dismissal do not go to the merits and do not demonstrate a purpose to harass." *Id.* at 1356–57. And lastly, the Eleventh Circuit has said, unequivocally, that "dismissal (before trial) must be without prejudice and cannot bar a future prosecution." *Id.* at 1356.

After carefully considering the motion and the applicable law, the Court determines that a response from Defendant is unnecessary and the motion is due to be granted. Should Defendant wish to oppose all or part of the Government's request, the Court will entertain an appropriate motion, if such motion is filed within the next fourteen days.

Additionally, Defendant has moved to reconsider the Court's July 22, 2025 order granting an extension of the indictment deadline. Dkt. 42. Given that the United States no longer requires more time for its investigation, the Court finds the motion to be well-taken. The Court vacates its July 22, 2025 order, thereby restarting the speeding indictment clock on July 23, 2025.

- 3 -

Accordingly, it is **ORDERED**:

1. The Government's Motion for leave to dismiss (Dkt. 43) is **GRANTED**;

2. The Criminal Complaint (Dkt. 1) is dismissed without prejudice;

3. The Order Setting Conditions of Release (Dkt. 17) is **VACATED**;

4. Defendant's Motion for Reconsideration (Dkt. 42) is **GRANTED**;

5. The Court's July 22, 2025 Order (Dkt. 40) is **VACATED**;

6. The clerk is directed to terminate all pending motions and close this matter.

**DONE** and **ORDERED** in Orlando, Florida, on August 7, 2025.

ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record